## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEROGIA
## ATLANTA DIVISION

| | |
|---|---|
| SUSAN WOLCHOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | 1:07-CV-765-CC |
| LAW OFFICES OF ) | |
| GARY MARTIN HAYS & ) | |
| ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT LAW OFFICES OF GARY MARTIN HAYS & ASSOCIATES, P.C.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

**COMES NOW** Defendant Law Offices of Gary Martin Hays & Associates, P.C. ("Defendant") and, pursuant to Rules 8 and 12 of the Fed. R. Civ. P., respectfully submits this Answer to Plaintiff Susan Wolchok's ("Plaintiff") Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

All or portions of the Complaint should be dismissed for failure to state a claim upon which relief can be awarded.

- 2 -

### Second Affirmative Defense

All or portions of the Complaint should be dismissed as purportedly raising claims outside the applicable statute of limitations.

### Third Affirmative Defense

All or portions of the Complaint should be dismissed for failure to satisfy the conditions precedent to bring such claims.

### Fourth Affirmative Defense

At all times relevant hereto, Defendant has acted in good faith and has not intentionally, or with reckless disregard, violated any legal right of Plaintiff.

### Fifth Affirmative Defense

All or portions of Plaintiffs claims are limited by the damage limitation provisions of 42 U.S.C. § 1981a.

### Sixth Affirmative Defense

Plaintiff's claims for punitive damages are limited by the U.S. Constitution.

### Seventh Affirmative Defense

To the extent there is any pay differential between Plaintiff and any similarly-situated male within the meaning of the Equal Pay Act, such differential is based on seniority, merit, quantity or quality of production, and/or one or more factors other than sex.

### Eighth Affirmative Defense

Defendant responds to the numbered allegations contained in Plaintiff's Complaint as follows:

### ANSWER TO COMPLAINT

1.

Paragraph 1 of the Complaint is merely description and consists of legal assertions to which no answer is required. To the extent an answer is required, Defendant denies each and every assertion therein and further denies that Plaintiff is entitled to any relief whatsoever.

2.

Paragraph 2 of the Complaint is merely description and consists of legal assertions to which no answer is required. To the extent an answer is required, Defendant denies each and every assertion therein and further denies that Plaintiff is entitled to any relief whatsoever.

3.

Paragraph 3 of the Complaint is merely description and consists of legal assertions to which no answer is required. To the extent an answer is required, Defendant denies each and every assertion therein and further denies that Plaintiff is entitled to any relief whatsoever.

4.

Defendant admits that this Court has subject matter jurisdiction over the Complaint. Except as specifically admitted, Defendant denies the allegations of Paragraph 4 of the Complaint.

5.

Defendant admits that venue is proper in this Court. Except as specifically admitted, Defendant denies the allegations of Paragraph 5 of the Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission of the United States Department of Labor. Except as specifically admitted, Defendant denies the allegations of Paragraph 12 of the Complaint.

13.

Defendant admits that by a notice dated January 18, 2007, the Equal Employment Opportunity Commission issued a Notice of Right to Sue and that Plaintiff commenced this action within 90 days thereof. Defendant is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 13 of the Complaint and therefore denies same.

14.

Defendant is without knowledge or information sufficient to form a belief as to the averments of Paragraph 14 of the Complaint and therefore denies same.

15.

Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant admits that Plaintiff was employed as an attorney approximately May 6 2003 through March 22, 2006. Except as specifically admitted, Defendant denies the allegations of Paragraph 16 of the Complaint.

17.

Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant admits that at various times during her employment, Gary Martin Hays expressed his discontent with the high cost of medical insurance. Except as

specifically admitted, Defendant denies the allegations of Paragraph 25 of the Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Williams was 34 weeks pregnant at the time her employment separated with Defendant and denies same. Defendant denies all remaining allegations of Paragraph 26 of the Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant admits that Plaintiff worked for periods of time in Dallas and that she had a husband. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff shared an apartment with her husband and therefore denies same. Except as to the foregoing averments, Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

33.

Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff worked more hours than before and therefore denies same. Except as to the foregoing averment, Defendant denies the allegations of Paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 37 of the Complaint and therefore denies same.

38.

Defendant is without knowledge or information sufficient to form a belief as to whether the employee was not pregnant on March 21, 2006.  Defendant denies that the employee revealed her compensation unprompted by Plaintiff.  Except as previously specifically set forth, Defendant admits the allegations of Paragraph 38 of the Complaint.

39.

Defendant admits that the employee who revealed her salary to Plaintiff was trained by Plaintiff and was not fired for "discussing salary in violation of written

company policy." Except as specifically admitted, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of what Plaintiff learned and when Plaintiff learned it and therefore denies same. Defendant admits that Plaintiff's behavior was unacceptable.

42.

Defendant admits that Plaintiff never called Hays at midnight. Except as specifically admitted, Defendant denies the allegations of Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant admits that Plaintiff was already living in Dallas, Texas at the time of her termination. Except as specifically admitted, Defendant denies the allegations of Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff "learned" or when she "learned" it and therefore denies same as well as all remaining allegations of Paragraph 46 of the Complaint.

47.

Defendant admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## COUNT I
### Violation of the Equal Pay Act and Title VII

52.

Defendant incorporates herein its prior answers as if set forth herein.

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

## COUNT II
### Sex (Pregnancy) Discrimination in Violation of Title VII

59.

Defendant incorporates herein its prior answers as if set forth herein.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## COUNT III
### Violation of ERISA § 510, 29 U.S.C. § 1140

67.

Defendant incorporates herein its prior answers as if set forth herein.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Answering the unnumbered Paragraph following Paragraph 69 of the Complaint, Defendant denies each and every allegation therein and further denies that Plaintiff is entitled to any relief whatsoever.

71.

Defendant denies any and all unanswered allegations of the Complaint.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint in its entirety, with prejudice; award Defendant its

costs and expenses, including reasonable attorneys' fees; and award Defendant any other such relief as this Court deems just and proper.

## COUNTERCLAIM

COMES NOW Defendant and files this Counterclaim against Plaintiff:

1.

Plaintiff has initiated an action against Defendant in this Court, and, therefore, jurisdiction and venue are thus proper in this Court.

2.

Defendant employed Plaintiff as an attorney in its workers' compensation practice. At all times relevant hereto, Defendant maintained its principle place of business in Gwinnett County, Georgia.

3.

Under the terms of Plaintiff's employment with Defendant, Plaintiff was to receive, in addition to her salary and other payments and compensation, a percentage of the attorney's fees resulting from cases she was responsible for settling.

4.

In determining whether Plaintiff was entitled to receive such additional compensation, Defendant relied upon Plaintiff's representations regarding whether

she had settled a matter and/or whether a matter had been settled. Plaintiff knew that Defendant relied upon her representations. Plaintiff knew that she was in a position of trust with Defendant and that she was obligated to be truthful in her dealings with Defendant.

5.

Plaintiff misrepresented to Defendant that one or more cases had been settled and/or that she had been responsible for settling one or more cases. As a result of those misrepresentations, Plaintiff was unjustly enriched by her misrepresentations. Defendant was justified in relying upon Plaintiff's representations and acted thereon to its detriment.

6.

Plaintiff's misconduct was willful and/or done with malice, fraud, oppression or an entire want of care such as to establish a conscious indifference to the consequences, thus warranting an award under OCGA § 51-12-5.

WHEREFORE, Defendant requests:

1. That Judgment be awarded to it on its Counterclaim;

2. That Plaintiff be ordered to repay the compensation she received from Defendant as a result of her misrepresentations, plus interest.

3. That Defendant be awarded punitive damages.

- 19 -

4. That Defendant be awarded such other relief this Court deems appropriate to remedy the harm Plaintiff has caused.

Respectfully submitted this the 9th day of May, 2007.

<u>s/ Douglas H. Duerr</u>
Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
Telephone: 404-659-6700
Facsimile: 404-222-9718

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEROGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUSAN WOLCHOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | 1:07-CV-765-CC |
| LAW OFFICES OF | ) | |
| GARY MARTIN HAYS & | ) | |
| ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:     Janet E. Hill

s/ Douglas H. Duerr

Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
Telephone: 404-659-6700
Facsimile: 404-222-9718